UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLENANT NICKLES (#131849)

VERSUS                                          CIVIL ACTION

BURL CAIN                                       NUMBER 14-501-JJB-SCR

**NOTICE**

    Please take notice that the attached Supplemental Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 4, 2015.

                                STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLENANT NICKLES (#131849)

VERSUS                                         CIVIL ACTION

BURL CAIN                                      NUMBER 14-501-JJB-SCR

**SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT**

A Magistrate Judge's Report was issued February 11, 2015 recommending that the plaintiff's complaint be dismissed for failure to pay the court's filing fee.[1] Plaintiff filed Petitioner's Objections to the Magistrate Judge's Report and Recommendation.[2] The district judge referred the matter back to the magistrate judge for consideration of the plaintiff's objections.

Plaintiff's objections have been considered - and they are meritless. First, the February 15, 2015 Offender Funds Withdrawal Request he attached to his objections was not for this case.[3] It was for CV 14-260-BAJ-SCR, and the fee was actually received in

---

[1] Record document number 5.

[2] Record document number 6.

[3] Record document number 6-1. The year indicated on the withdrawal request is "19." The court assumes this is an error because the fee was received by this court and applied to CV 14-260-BAJ-SCR on February 25, 2015. The amount received, $4.16, is the correct amount for the partial appellate filing fee assessed in that case. Record document number 11, p. 2.

that case on February 25, 2015. There is no document showing that the plaintiff ever requested withdrawal of the $5.17 partial filing fee for this case from his inmate account, and he has had more than six months to provide it.

Second, the plaintiff's withdrawal request for CV 14-620-BAJ-SCR refutes his argument that prison officials take two to three weeks to make the fee payment after the inmate places money in his account and requests the withdrawal.[4] Instead, the document shows that the time from the date of the requested withdrawal to receipt by the court is much less. For his February 15 withdrawal request the time was 10 days.

Finally, it bears repeating that when the plaintiff moved to proceed in forma pauperis, he had sufficient funds in his inmate account to pay the partial filing fee.[5] He simply failed to pay the partial filing fee and apparently spent his money on other things. That failure, his failure to respond to the Order to Show Cause, combined with the untruthful arguments made in his objections, support finding that the plaintiff has willfully

---

[4] Record document number 6 ("Once the inmate has received the money into his prison account, he must fill out a (Offender Funds Withdrawal Request) which has to be signed by ranking officers, than forwarded to inmate banking department. From that point, it takes approximately two to three weeks for a check to be placed in the mail." (sic)).

[5] Record document number 2 (plaintiff had $20.06 in his inmate drawing account, and a six-month average balance of more than $25.00).

refused to comply with the August 12, 2014 order to pay the partial filing fee.  His complaint should be dismissed.[6]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to pay the court's filing fee.

Baton Rouge, Louisiana, March 4, 2015.

*signature*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] As previously explained in the Magistrate Judge's Report, assuming a dismissal without prejudice would effectively be a with-prejudice dismissal because a re-filed complaint would be untimely, the dismissal is still warranted because the plaintiff's allegations do not rise to the level of a constitutional violation.

3